UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JIMMY E. BAHR,

                        Plaintiff,           NOT FOR PUBLICATION

                v.                          **MEMORANDUM & ORDER**
                                                  15-CV-4380 (MKB)

CITY UNIVERSITY OF NEW YORK/YORK
COLLEGE, *et al*.,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jimmy E. Bahr, proceeding *pro se*, commenced the above-captioned action on June 25, 2015[1] against Defendants York College, a college within the City of New York ("CUNY"), the CUNY Public Safety Department ("CUNYPSD"), CUNY Civil Service Commission ("CUNYCSC"), the International Brotherhood of Teamsters Local 237 ("Local 237") and the New York State Attorney General's Office. (Compl. 5, Docket Entry No. 2.)[2] Plaintiff further asserts claims against twenty-six individual Defendants, who are officials or

---

[1] On June 25, 2015, Plaintiff initiated this action in the United States District Court for the Southern District of New York. (Docket Entry Nos. 1, 2.) On July 7, 2015, Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 was granted. (Order dated July 7, 2015, Docket Entry No. 3.) The matter was transferred from the Southern District to this Court by Order dated July 27, 2015. (Transfer Order, Docket Entry No. 4.)

[2] The Court refers to the Complaint and the documents annexed to it as the "Complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). Because the Complaint is not paginated, all citations to the Complaint refer to the Electronic Document Filing System pagination.

public safety officers at CUNY, York College and Local 237.[3] (*Id.* at 6.) Plaintiff was a Campus Peace Officer for York College and alleges a wide range of conduct including, but not limited to, two wrongful terminations as retaliation for initiating and cooperating with an Equal Employment Opportunity Commission ("EEOC") investigation; fabricated disciplinary charges; wrongful suspension; workplace hostility based on Plaintiff's race; disclosure of Plaintiff's "heart & arms" disability to co-workers; and inadequate union representation. (*See generally* Compl.) Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA"), 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL"), alleging retaliation and unlawful discrimination on account of his race, sex, color, religion and disability. (*Id.* at 1.)

For the reasons discussed below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

Plaintiff was employed as a Campus Peace Officer by York College beginning on October 13, 1995. (Compl. 17.) Plaintiff alleges that he was terminated on October 17, 2014, and that he is awaiting a decision of termination from the CUNY Civil Service Commission as to

---

[3] The individually named Defendants are Matthew Goldstein, Pamela Silverblat, Gloria Waters, Laura Blanks, Carmelo Batista, Carol Schechtener, Patricia Stein, Marc Ragovin, William Barry, Marcia Keis, Dean Ronald Thomas, Olga D. Dais, Barbara Manuel, Gwendolyn Harewood, Tyrone E. Forte, Kevin Henry, "Galashaw," John Martinez, Marilyn J. Flood, Tilden J. LeMelle, Elaine S. Reiss, Gregory Flood, "Hendershot," Todd Rubinstein, Felicia Canon and George Serrano (together the "Individual Defendants"). (Compl. 6.)

that termination. (*Id*. at 6.) Plaintiff further alleges that he was terminated again on December 19, 2014 "due to an off duty arrest." (*Id.*) On March 17, 2015, Plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") against CUNY and York College alleging unlawful retaliation and discrimination based on race, color, sex, religion, national origin, age and disability (the "NYSDHR Charge"). (*Id.* at 17.) On April 29, 2015, the EEOC issued Plaintiff a right-to-sue letter, listing Plaintiff's NYSDHR Charge number in the subject line. (*Id.* at 15–16.) The right-to-sue letter concerned Plaintiff's allegations of retaliation and discrimination on the basis of race, sex, color, religion, national origin and age, in violation of Title VII and the ADEA.[4] (*Id*. at 15.)

Plaintiff alleges that beginning in 2010, he was subject to discriminatory treatment, including failure to accommodate a disability and unequal terms and conditions of employment, and also was the target of unlawful retaliation and terminations. (*Id.* at 2–3.) Plaintiff states that he was "[u]nlawfully" terminated "in continuing retribution . . . due to an off duty arrest . . . and fraudulent charges brought" by York College officials Olga Dais, Tyrone E. Forte and Kevin Henry. (*Id.* at 6.) Plaintiff explains that his first termination is "pending" before the CUNY Civil Service Commission, which is "refusing to set a date" for final determination. (*Id*.) Plaintiff alleges that "CUNY/York College Officials are in violation of Section 1981 and 1983 under the color of law" because it is impermissible to "terminate an employee who has already been terminated and until all remedies are exhausted CUNY Officials [are] clearly violating this law" and the same officials are retaliating against Plaintiff for "filing [d]iscrimination

---

[4] Although Plaintiff indicated he was discriminated against based on a disability in his NYSDHR Charge, (Compl. 15), and also indicates that he seeks relief for discrimination under the ADA, (*id.* at 31), the right-to-sue letter does not include any mention of Plaintiff's disability or ADA allegations.

complaints" with the EEOC and participating in an investigation by the New York State Comptroller's Office.  (*Id*. at 7.)

According to Plaintiff, his termination did not result from his off-duty arrest, but was the result of the culmination of a series of retaliatory actions against him by CUNY and York College officials, all because Plaintiff "cooperated" with a prior EEOC investigation that involved "reporting employment corruption, theft of services and discrimination against me other officers/[CUNY] employees [sic]."[5]  (*Id*. at 7, 8 (capitalization omitted).)  Plaintiff alleges that "CUNY/York College Officials" have engaged in "years of adverse actions" against him, including "false and fabricated disciplinary charges."  (*Id*. at 8.)  Plaintiff appears to refer to incidents when he was accused of duplicating or improperly using York College parking placards and accused of impermissibly entering the Public Safety Department Office although the area was restricted.  (*Id*.)  Plaintiff alleges that he was subject to "89 days['] suspension," as well as "the unlawful suspension of 60 work days without pay," and an "unlawful 85 days['] suspension" but does not provide coherent allegations regarding the context for these disciplinary actions.  (*Id.* at 7, 10 (capitalization omitted).)

Plaintiff alleges "harassment and creat[ion] [of] a hostile work environment" and also alleges that the harassment was "racial[ly] motivated bias by York College Officials[]."  (*Id*. at 9 (capitalization omitted).)  In the NYSDHR Charge, Plaintiff states that York College and CUNY officials racially discriminated against him by "protecting and favoring employees of the same racial background" as Defendants Dais and Forte.  (*Id*. at 19.)  Plaintiff states that two human

---

[5] Plaintiff's Complaint includes eight pages of narrative and the NYSDHR Charge, which contains sixteen pages of narrative.  Each includes allegations that are not fully comprehensible, repetitive and appear unrelated to Plaintiff's discrimination claims. The Court has generously construed the Complaint.

resources personnel at York College were "responsible for the adverse actions and retaliation by destroying [Plaintiff's] personnel files, fabricating documents [and] conducting [a] racially motivated bias hearing in order to protect" Forte and other employees "of the same racial background as" Dias. (*Id*. at 18.) Plaintiff identifies his race as "Latino" and his color as "White," but does not state the racial background of Dias or Forte. (*Id.* at 3.) Plaintiff also states that in April, 2013, a supervisor called him "a white piece of shit." (*Id*. at 27.) He states that York College and CUNY officials "are involved in racially motivated retribution" and have demonstrated a "past history of discrimination against [Plaintiff]." (*Id*. at 27.)

Plaintiff identifies his religion as "Catholic" but makes no further references to his religion. (*Id.* at 3.) Plaintiff lists his disability as "heart & arms" and in the NYSDHR Charge, Plaintiff states that Forte and Henry "disclosed [his] medical condition to other employees and placed [him] in poor work environments with intent to do harm." (*Id*. at 3, 27.) Plaintiff asserts a claim for age discrimination, but does not state his age when prompted by the complaint form or include any reference to incidents of discrimination based on his age in the Complaint, though Plaintiff indicates in the NYCHR Charge that he is forty-five years old. (*Id*. at 3, 17.)

Plaintiff also states that he is "a union representative and under a protected class." (*Id*. at 8.) Plaintiff claims that Defendant Local 237 provided inadequate representation during various disciplinary proceedings before York College and CUNY, and that "serious incidents" were reported and documented to Local 237 and to CUNY officials, who "stood by and allowed said conduct to continue[]." (*Id*. at 9 (capitalization omitted).)

Plaintiff states that the discriminatory conduct caused him "irraparble [sic] long term [e]mployment, [p]ersonal [h]arm and financial hardship to the point of losing [Plaintiff's] home," and that he is "now dependent on public assistance and [has been] force[d] into a City Homeless

Shelter." (*Id*. at 9.)  Plaintiff seeks damages, including punitive damages for "years of pain and suffering," back pay and loss of overtime. (*Id*. at 4.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assocs, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s]

obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Parties immune from suit

Plaintiff sues multiple entities and individuals who are immune from liability. The Court separately considers Plaintiff's claims as to the New York Attorney General, CUNY, York College, and officials at CUNY and York College.

#### i. New York Attorney General

Plaintiff's claims against the New York Attorney General are barred by the Eleventh Amendment, which bars suits for damages against states, state agencies and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (stating that the Eleventh Amendment "render[s] states and their agencies immune from suits brought by private parties in federal court"); *see Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively arms of a state." (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425,429 (1997))). While a state's attorney general can consent to suit or waive Eleventh Amendment immunity, including by conduct during litigation such as removing an action from state court, Plaintiff does not allege that New York has consented to suit or waived immunity. *See Beaulieu v. Vermont*, 807 F.3d 478, 487

7

(2d Cir. 2015) (explaining that Eleventh Amendment immunity applies to a state's attorney general, who represents the state in litigation (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 623 (2002)))). Accordingly, Plaintiff's claims against the New York Attorney General are dismissed.

### ii. CUNY and York College

The Eleventh Amendment bars suit against the CUNY or its senior colleges. The Second Circuit has repeatedly found that CUNY senior colleges, like York College, are arms of the state, "which are immune from suit under the Eleventh Amendment." *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (first citing *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004); and then citing *Jackson v. City Univ. of N.Y.*, No. 05-CV-8712, 2006 WL 1751247, at *2 (S.D.N.Y. June 23, 2006)); *see also* N.Y. Educ. Law § 6202(5) (defining CUNY's senior colleges); *Shibeshi v. City Univ. of N.Y.*, 531 F. App'x 135, 135 (2d Cir. 2013) (holding that a claim against CUNY was properly dismissed as barred by the Eleventh Amendment); *Gengo v. City Univ. of N.Y.*, 479 F. App'x 382, 383 (2d Cir. 2012) (finding that the Eleventh Amendment barred suit against CUNY central administration); *Skalafuris v. City of New York*, 444 F. App'x 466, 468 (2d Cir. 2011) (finding that the Eleventh Amendment barred employment discrimination claims against CUNY and New York City College of Technology, a CUNY senior college). Because "New York has not waived its immunity" as to claims of this nature, *Marino*, 18 F. Supp. 3d at 335 (citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), Plaintiff's claims for damages against CUNY and York College are barred by the Eleventh Amendment.

### iii. Individual Defendants employed by CUNY and York College

To the extent that Plaintiff brings claims for damages against the Individual Defendants

in their official capacities as representatives of CUNY or York College, such claims are also barred by the Eleventh Amendment, although Plaintiff may seek injunctive relief against CUNY or York College's officials, acting in their official capacities.

Under the principle enunciated in *Ex Parte Young*, 209 U.S. 123, 155–56 (1908), a plaintiff may sue a state official acting in his official capacity for prospective injunctive relief from violations of federal law. *See Ford v. Reynolds*, 316 F.3d 351, 354–55 (2d Cir. 2003) (holding that a suit against CUNY officials was barred by the Eleventh Amendment to the extent it was brought against CUNY officials in their official capacity and was not seeking prospective injunctive relief); *Marino*, 18 F. Supp. 3d at 329 (first citing *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007); and then citing *Ex Parte Young*, 209 U.S. at 155–56). Accordingly, Plaintiff's claims for anything other than prospective injunctive relief against all the Individual Defendants in their official capacities as employees of CUNY and York College, are precluded by sovereign immunity under the Eleventh Amendment. *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) (finding that section 1983 claims against individual officials of CUNY and Hunter College for retrospective monetary relief were barred by Eleventh Amendment (citing *Ex Parte Young*, 209 U.S. at 155–56)). Plaintiff appears to seek only monetary damages, in the form of punitive damages, back pay, and overtime, and does not appear to allege a claim for prospective injunctive relief as against any of the Individual Defendants. As such, Plaintiff has not stated a claim against any of the Individual Defendants in their official capacities and, thus, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### c. Election of remedies

Plaintiff's claims under NYSHRL and NYCHRL are bared by the election-of-remedies

doctrine because Plaintiff filed a charge with the NYSDHR concerning these claims.

Under both the NYSHRL and the NYCHRL, an individual who files a charge with NYSDHR is jurisdictionally barred from filing a lawsuit in state or federal court for the same cause of action. *See* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8–502(a); *Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013); *York v. Ass'n of the Bar*, 286 F.3d 122, 127 (2d Cir. 2002); *see also DuBois v. Macy's Retail Holdings, Inc.*, 533 F. App'x 40, 41 (2d Cir. 2013) ("Furthermore, the election of remedies doctrine under both the [NYSHRL] and [NYCHRL] precludes a plaintiff from pursuing his discrimination claims in a court of law when the same claims were previously brought before a local administrative agency." (citing N.Y. Exec. Law § 297(9) and N.Y.C. Admin. Code § 8–502)).

"The election of remedies bar also precludes consideration of any claim — whether brought under the NYSHRL or the NYCHRL — arising out of the same incident on which [the plaintiff's] [NY]SDHR complaint was based." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011) (citing *Emil v. Dewey*, 49 N.Y.2d 968, 969 (1980))). Courts have interpreted "same claim" as meaning claims arising out of the "same incident on which plaintiff's SDHR complaint was based [i.e.,] . . . if they are based on the same operative events." *Williams v. City of New York*, 916 F. Supp. 2d 517, 521 (S.D.N.Y. 2013) (alteration omitted) (quoting *Higgins*, 836 F. Supp. 2d at 188–89); *see, e.g.*, *Yong Chul Son v. Chu Cha Lee*, 559 F. App'x 81, 82 (2d Cir. 2014) (affirming dismissal of NYSHRL and NYCHRL claims when NYSDHR had reviewed NYSHRL and Title VII claims on same facts); *Carroll v. United Parcel Serv.*, No. 00-CV-7032, 2000 WL 1185583, at *3 (2d Cir. Aug. 21, 2000) ("Because [the plaintiff's] two sets of claims arise out of the same group of facts, the matter before this court is jurisdictionally barred."); *Jones-Kahn v. Westbury Bd. of Educ.–Westbury Union Free Sch. Dist.*,

No. 13-CV-7144, 2015 WL 1529839, at *12 (E.D.N.Y. Mar. 31, 2015) (dismissing NYSHRL claims under election-of-remedies doctrine when claims arose from substantially the same set of facts, even though the plaintiff provided additional facts in the complaint to support her allegations).

Here, Plaintiff filed a complaint with the NYSDHR on March 17, 2015, and thereby elected his remedy as to his NYSHRL and NYCHRL claims. (Compl. 17.) Even if Plaintiff withdrew the NYSDHR Charge prior to a determination, which it does not appear that he did because the EEOC right-to-sue letter references Plaintiff's NYSDHR Charge number as the basis for the letter, "withdrawal prior to an agency determination, absent a showing that there was a dismissal for administrative convenience, does not obviate the effect of election of remedies." *Klaes v. Jamestown Bd. of Pub. Utilities*, No. 11-CV-606, 2013 WL 1337188, at *19 (W.D.N.Y. Mar. 29, 2013); *see also Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995) (holding that an individual who files a complaint with the NYSDHR loses the ability to file a complaint in court even if she withdraws her administrative complaint (citation omitted)); *Wiercinski v. Mangia 57, Inc.*, No. 09-CV-4413, 2010 WL 2681168, at *3 (E.D.N.Y. July 2, 2010) (noting that the "election-of-remedies doctrine . . . turns on the filing of an administrative complaint, not a merits determination," and citing New York Executive Law section 297(9) and Title 8 section 502(b) of the Administrative Code of the City of New York for the source of the "narrow exceptions" that apply where NYSDHR has dismissed a charge on the grounds of administrative convenience, untimeliness or annulment of the election of remedies); *Illie-Stout v. Barrier Free Living, Inc.*, No. 08-CV-6388, 2009 WL 81151, at *1 (S.D.N.Y. Jan. 12, 2009) ("Unless the claim is dismissed by the administrative body for one of the enumerated procedural reasons, the election of remedies provision under the NYSHRL presents an 'insuperable

11

jurisdictional bar' to a federal court hearing a claim that has already been litigated in the state administrative forum.").

Because Plaintiff filed a charge with the NYSDHR, and in so doing elected his remedies, the Court must consider the scope of the jurisdictional bar created by that filing. Plaintiff's NYSDHR Charge referenced claims for discrimination based on race, color, sex, religion, national origin, age and disability, as well as a claim for retaliation. (Compl. 17.) Plaintiff's NYSDHR Charge states, in substance, the same allegations of discrimination and retaliation as alleged in the Complaint. As such, the Court does not have jurisdiction over Plaintiff's NYSHRL and NYCHRL claims for retaliation or discrimination based on race, color, sex, religion, national origin, age, and disability, and the Court dismisses these claims.

### d. Individual liability for federal employment discrimination claims

While Plaintiff only named "CUNY-York College" in the NYSDHR Charge, the Complaint includes claims against the Individual Defendants, all of whom appear to work for CUNY or Local 237. (Compl. 6.)

Individuals are not subject to liability under Title VII, the ADA and the ADEA. *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (stating that Title VII does not create liability in individual supervisors (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam))); *Sassaman v. Gamache*, 566 F.3d 307, 315–16 (2d Cir. 2009) (stating that "individuals are not subject to liability under Title VII" (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)); *see Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals . . . ." (collecting cases)); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (holding that the plaintiff's Title VII claims against the individual defendants were "properly dismissed . . . because individuals are not subject to liability under

Title VII" (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995))); *see also Spiegel*, 604 F.3d at 79 (holding that the retaliation provision of the ADA does not provide for individual liability)[6]; *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (affirming dismissal of Title VII claims "because under Title VII individual supervisors are not subject to liability" (collecting cases)); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (stating that there is no individual liability under the ADA (collecting cases)); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y.2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA."). Therefore the Title VII, the ADA and the ADEA claims against the Individual Defendants are dismissed.

e. **Section 1983 claims**

Plaintiff invokes section 1983 by alleging that various agencies and officials from CUNY and York College violated Plaintiff's federal rights by terminating him without adequate process, and further by alleging that Local 237 and its officers denied him due process by failing to represent him during proceedings related to his termination. (Compl. 7.)

In order to sustain a claim for relief under section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that

---

[6] Although the Second Circuit has held that there is no individual liability for the ADA's retaliation provision, *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam), it has not reached the question with respect to the ADA's other provisions. However, many district courts in this Circuit have determined that the ADA's other provisions likewise do not provide for individual liability. *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (collecting cases); *see also Gomez v. N.Y.C. Police Dep't*, No. 15-CV-4036, 2016 WL 3212108, at *7 (S.D.N.Y. June 7, 2016) ("[T]here is no individual liability under the ADA." (citing *Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158, 162 (E.D.N.Y. 1996))); *Pierce v. Fordham Univ., Inc.*, No. 15-CV-4589, 2016 WL 3093994, at *6 (S.D.N.Y. June 1, 2016) (noting that "[i]t is well established that there is no individual liability under the ADA" (alteration in original) (quoting *Nelson v. City of New York*, No. 11-CV-2732, 2013 WL 4437224, at *14 (S.D.N.Y. Aug. 19, 2013))).

13

such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of federal rights, not against the government entities or agencies where those individuals are employed. A plaintiff seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

To the extent that Plaintiff attempts to assert section 1983 claims against officers at CUNY and York College, or Local 237 and its officers, these claims are dismissed for failure to state a claim. Plaintiff fails to provide allegations as to specific Individual Defendants to show that they were personally involved in any action against Plaintiff, or in what manner that action created a harm that deprived him of his federal rights. (*See generally* Compl. 6–12, 17–33.)

### f. Rule 8 and leave to amend

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," *id.* at 8(d)(1); *see also id.* at 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (internal quotation marks omitted) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. *Simmons*, 49 F.3d at 86 ("When a complaint fails to comply with [Rule 8's] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Iwachiw v. Gersh*, 212 F. App'x 44, 45 (2d Cir. 2007) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *see also Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of*

15

*Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

Here, the Complaint includes a form complaint for employment discrimination claims and attaches an eight page statement that provides a lengthy narrative, but fails to assert conduct by each Defendant that violated Plaintiff's rights. (*See generally* Compl. 6–12.) Plaintiff also attaches the NYSDHR Charge, which includes a separate sixteen-page narrative, some of which is inconsistent with Plaintiff's statements elsewhere in the Complaint. (*See generally id.* at 17–33.) Together, Plaintiff provides many details and references employment discrimination, due process rights, and retaliation, but it is impossible to determine the precise nature of Plaintiff's various claims, and it would be impossible for Defendants to respond in any meaningful way. *Simmons*, 49 F.3d at 86. The Complaint is therefore dismissed without prejudice.

Plaintiff is granted thirty (30) days to file an amended complaint. If Plaintiff elects to file an amended complaint, it must contain a brief factual description of the claims. The facts should be alleged in chronological order by date and each event should be described in a separate numbered paragraph. For each defendant that is named in the caption of the amended complaint, Plaintiff must include a brief description of what each defendant did or failed to do, and how that act or omission caused him injury. Any amended complaint must be drafted in a clear and concise manner.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to conform with the pleading requirements under Rule 8 of the Federal Rule of Civil Procedure. Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: December 9, 2016
      Brooklyn, New York